IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OBDULIA DIAZ-MARCIAL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-CV-01490-N |
| FIESTA MART, LLC AND BODEGA. LATINA TEXAS BEVERAGE HOLDINGS, LLC, | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION & ORDER**

This Order addresses Defendants Fiesta Mart, LLC and Bodega Latina Texas Beverage Holdings, LLC's (collectively "Fiesta Mart") motion for summary judgment [9]. Because Fiesta Mart has shown entitlement to judgment as a matter of law, the Court grants the motion.

**I. ORIGINS OF THE MOTION**

Plaintiff Obdulia Diaz-Marcial sustained injuries when she slipped and fell in a Fiesta Mart store on June 14, 2020. Defs.' Br. in Supp. Of Mot. For Summ. J. 1 [10]. Diaz contends that her fall was caused by a pink liquid on the floor. Pl.'s Resp. Br. 3 [11]. In June 2022, Diaz filed suit against Fiesta Mart for premises liability, alleging that Fiesta Mart knew or should have known of the existence of the pink liquid and failed to exercise reasonable care to reduce the risk of harm posed by the liquid. Pl.'s Orig. Pet. 3 [1-2]. Now, Fiesta Mart seeks summary judgment on the grounds that Diaz cannot support the

ORDER – PAGE 1

elements of her premises liability claim, and that, to the extent any negligent activity claim is alleged, it is an improper theory of recovery. Defs.' Mot. For Summ. J. 1-2 [9].

## II. LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [his] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

ORDER – PAGE 2

574, 586–87 (1986).  Factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'"  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III.  THE COURT GRANTS THE MOTION FOR SUMMARY JUDGMENT

To prevail on a premises liability claim in Texas, an invitee plaintiff must establish that (1) an owner or occupier had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or occupier's failure to use such care proximately caused plaintiff's injury.  *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).  When a plaintiff relies on a defendant's alleged constructive knowledge of a condition, there must be evidence regarding the length of time a condition had existed.  *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) ("[T]here must be some proof of how long the hazard was there before liability can be imposed on the premises owner.").  The Court holds that Diaz has failed to offer any proof that Fiesta Mart had actual or constructive knowledge of the alleged premises condition.

Movants point to Diaz's deposition testimony to demonstrate that Diaz cannot produce any evidence that shows Fiesta Mart had actual or constructive notice of the alleged liquid on the floor. Defs.' Br. in Supp. Of Mot. For Summ. J. 5-7 [10].  Specifically, Fiesta Mart points at Diaz testimony that she did not know exactly what she slipped on,

ORDER – PAGE 3

how long the liquid was there, or how it ended up there. Defs.' Ex. A at 43:4-44:25 [10-1]. She also testified that she did not know whether any Fiesta Mart employee knew or should have known of the liquid prior to the accident. *Id.* at 45:1-4.

In response, Diaz contends that evidence of a Fiesta Mart employee's proximity to the condition at the time of her fall establishes constructive notice. Pl.'s Resp. Br. 7 [11]; Pl.'s Ex. A at 34:13-24; 37:14-22 [11]. Under Texas law, "[a]n employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was possible for the premises owner to discover the condition, not that the premises owner reasonably should have discovered it." *Reece*, 81 S.W.3d at 816. Even when viewed in the light most favorable to Diaz, the proximity evidence does not create a genuine dispute of material fact as to the notice element. Diaz must provide some proof of how long the liquid was on the floor or how it got there. No such evidence has been provided. Thus, there is no evidence on the record to show that Fiesta Mart had any actual or constructive knowledge of the alleged condition.

Plaintiff has not alleged or provided evidence to support a negligent activity cause of action. The Texas Supreme Court has made clear that "a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner," *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992), but when an injury results from a condition rather than an activity, premises liability is the appropriate cause of action. *Jenkins*, 478 S.W.3d at 644 (citing *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992)). Here, Diaz asserted a premises liability cause of action under Texas law and

ORDER – PAGE 4

makes no reference to a negligent activity claim in the Original Petition or response to Fiesta Mart's motion for summary judgment. Pl.'s Orig. Pet. 3 [1-2]; Pl.'s Resp. Br. [11]. Accordingly, to the extent any negligent activity claim has been alleged, it fails as a matter of law.

## CONCLUSION

Because Diaz has not provided any evidence to establish an essential element of her premises liability claim or any potential negligent activity claim, the Court grants Fiesta Mart's motion for summary judgment.

Signed October 2, 2023.

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 5